IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| KEITH D. WILSON | ) | |
| Petitioner, | ) | |
| v. | ) | 1:06CV408 |
| SUPERINTENDENT DON WOODS, SECRETARY OF CORRECTIONS THEODIS BECK | ) ) ) | |
| Respondents. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On March 28, 2008, this court entered an order which denied Keith Wilson's ("Petitioner") second Federal Rule of Civil Procedure 60(b) motion for reconsideration of the court's previous order denying relief on his 28 U.S.C. § 2254 petition. (Doc. 28.) Petitioner, proceeding pro se, subsequently filed a Notice of Appeal which was docketed with this court on May 6, 2008. (Doc. 29.)

On appeal, the Fourth Circuit remanded the case back to this court to determine when Petitioner delivered his Notice of Appeal to prison officials for mailing. (Doc. 31.) On September 24, 2008, the court granted the United States' ("Respondent") Motion to Expand the Record (Doc. 34). (Doc. 35.) Both parties then submitted briefs and tendered evidence in support of their

respective positions. (Docs. 36, 37, 38.) On May 11, 2009, the court held an evidentiary hearing. (See Doc. 39.)

In addition to the foregoing undisputed facts derived from the record, the court makes the following FINDINGS OF FACT:

1. At the evidentiary hearing, Respondent called Ms. Linda Norton. Ms. Norton is a mail processor at the Scotland Correctional Institution, the prison where Petitioner was incarcerated at the time he filed his Notice of Appeal.

2. Ms. Norton testified that she reviewed the prison legal mail log and discovered that Petitioner presented an item of outgoing mail delivered to her on May 5, 2008. The item was addressed to this court's clerk's office.

3. Ms. Norton also testified that:

 (a) Mail in the prison is routinely retrieved from the prisoner mail boxes at approximately 8:30 a.m. each day except for weekends and holidays;

 (b) Mail is date stamped and mailed the same day it is received; and

 (c) An entry is made in the legal mail log when mail is received by a prison official.

4. Ms. Norton stated that because May 5, 2008 was a Monday, it is possible that Petitioner deposited the item of mail reflected by the May 5 log entry as early as 8:30 a.m. on Friday, May 2, 2008. Ms. Norton further testified that she personally

2

date stamped and mailed the item reflected by the May 5 entry on May 5, 2008.

5. The court independently reviewed the mail log that was the subject of Ms. Norton's testimony. (Doc. 33-3; Resp't Ex. 1.) Consistent with Ms. Norton's testimony, the log contains an entry addressed to this court's clerk's office from Petitioner. (Id.) The entry is dated May 5, 2008 and states that the inspecting officer for the item was "L. Norton." (Id.)

6. Also consistent with Ms. Norton's testimony, the date stamped on the envelope containing Petitioner's Notice of Appeal is May 5, 2008. (Doc. 29-2.)

7. Petitioner testified at the evidentiary hearing and stated that he gave his Notice of Appeal to prison officials for mailing on April 12, 2008 by placing it in the blue mail box in the prison that is designated for outgoing prisoner letters.

8. The certificate of service on Petitioner's Notice of Appeal states that it was served on Respondent on April 12, 2008. (Doc. 29.) However, Petitioner's Notice of Appeal is dated sixteen days <u>before</u> the decision that is the subject of that appeal. (Id.) ("Petitioner hereby gives Notice of Appeal to the United States Court of Appeals For the Fourth Circuit from the Order of Honorable William L. Osteen Jr., <u>dated March 28, 08</u> denying Petitioner's Rule 60(b) Motion. Respectfully <u>submitted</u> this <u>12th day of March 2008</u>." (emphasis added)).

3

9.  Petitioner has an interest in the findings of this court as to the timeliness of his appeal.  By contrast, Ms. Norton has no interest in the outcome of this proceeding.

10.  This court finds Ms. Norton's testimony, including her statements about the prison's systematic record keeping procedures, credible and the May 5 entry in the prison mail log persuasive.

11.  This court further finds that Petitioner's Notice of Appeal was delivered to prison officials for mailing to this court on May 2, 2008, at the earliest.

The court makes the following CONCLUSIONS OF LAW:

1.  A habeas petitioner must a file notice of appeal from denial of a motion for habeas corpus within thirty days after the entry of judgment or order denying his or her motion.  <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988); FED. R. APP. P. 4(c).  Notice is deemed filed as of the date it was properly delivered by the petitioner to prison officials for mailing to the court. <u>Houston</u>, 487 U.S. at 270.

2.  Petitioner's Notice of Appeal (Doc. 30) was not timely filed.  As stated, the court denied Petitioner's second Federal Rule of Civil Procedure 60(b) motion for reconsideration on March 28, 2008.  In order for Petitioner's Notice of Appeal (Doc. 30) to be timely it must have been filed within thirty days of the court's decision, that is, by April 28, 2008.  As previously

4

found by this court, Petitioner's Notice of Appeal was not filed, that is, given to prison officials for mailing, until May 2, 2008, at the earliest.[1]

This the 11th day of May 2009.

                                                             /s/ William L. Osteen, Jr.
                                                             United States District Judge

---

[1] Although the court has not specifically addressed whether Petitioner or Respondent bears the burden of proving that Petitioner's Notice of Appeal was timely filed, even assuming, arguendo, the burden lies with Respondent, the court concludes that Petitioner's Notice of Appeal was untimely. See Porchia v. Norris, 251 F.3d 1196, 1198-99 (5th Cir. 2001) ("[T]he Fourth Circuit recently remanded an appeal to the district court for the limited purpose of ascertaining whether the prisoner timely filed a notice of appeal. We decline to follow the Fourth Circuit's approach in this instance . . . . Appellants bear the burden of demonstrating timely . . . ." (citations omitted)).

5